# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

STEVE CUMMINGS,

          **Plaintiff,**

-vs-                             **Case No. 6:07-cv-1029-Orl-22UAM**

UNITED STATES OF AMERICA, ET AL.,

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 5)** |
| **FILED:** | **June 20, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 7)** |
| **FILED:** | **June 28, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**. Further **RECOMMENDED** that the complaint be dismissed as being frivolous.

Dockets.Justia.com

## I.    BACKGROUND

Steve Cummings, proceeding *pro se,* has filed a complaint seeking a preliminary injunction and a motion seeking leave to proceed *in forma pauperis*. In a separate case, Cummings earlier filed a similar complaint and motion for leave to proceed *in forma pauperis*, which are now pending before the district court on a Report and Recommendation to deny the motion and dismiss the complaint as frivolous. *See Cummings v. George Bush. Jr.*, 6:07-cv-748-Orl-22UAM, Doc. No. 5.

The complaints in both cases are similarly comprised of nonsensical allegations without clear references to a coherent cause of action. The complaint in this case should therefore be dismissed as frivolous for the reasons stated below, as well as for the reasons articulated in the Report and Recommendation in the other case. *See id.*

## II.    LEAVE TO PROCEED *IN FORMA PAUPERIS*

### A.    Dismissal

District courts must review civil complaints filed *in forma pauperis* and shall dismiss complaints that are frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of the statute applies to all proceedings *in forma pauperis* and provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2).

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[1]  *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B.    Frivolous Complaints

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), citing *Neitzke*, 490 U.S. at 325-28. The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32-33. "Fantastic" or "delusional" allegations

---

[1] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

are examples of clearly baseless allegations. *Id.* Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*. 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals for the Eleventh Circuit reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (citing *Cruz v. Beto*, 405 U.S. 319, 326-27 (1972)); *accord, Denton*, 504 U.S. at 33.

## III.   ANALYSIS

Cummings' allegations are mostly fantastic or delusional. In the complaint, which is largely incoherent and confusing, Cummings appears to allege that the "Republican/Democratic political parties" are conducting illegal "surveillance/video taping" of his living quarters and vehicle (doc. no. 1 at 1); that he has a right to be informed in writing as to why the surveillance is occurring (*id.* at 2); that he has not entered into any contracts with the State of Florida (*id.* at 2-3); that the Governor of

the State of New York is "welcome" to issue a subpoena for facsimiles sent to the White House (*id.* at 3); and that "rudolph giuliani" is a serial killer (*id.*).

In addition, Cummings has stated no cause of action and no related factual allegations against the defendants he has named. In particular, he has not stated a claim under the Freedom of Information Act ("FOIA"), the Civil Rights Act of 1964 (which are both mentioned briefly in his complaint), or any claim that might relate to the above-mentioned factual allegations. *See Cummings*, 6:07-cv-748-Orl-22UAM, Doc. No. 5 at 8 (analysis of FOIA in relation to Cumming's prior complaint); *see also GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998) (a § 1983 plaintiff must allege with some specificity the facts which make out his claim). The complaint is clearly frivolous.

It is therefore **RECOMMENDED** that:

1.    Plaintiff's original motion to proceed *in forma pauperis* [Doc. No. 5] be **DENIED** as moot, in light of the filing of the amended motion;

2.    Plaintiff's amended motion to proceed *in forma pauperis* [Doc. No. 7] be **DENIED** as the complaint is frivolous and fails to state a claim;

3.    the case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915 (e)(2); and

4.    the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 10, 2007.

Donald P. Dietrich
United States Magistrate Judge

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party
Courtroom Deputy